UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM PALMER,

        Plaintiff,

    -v-                                          11-CV-6369P
                                                     ORDER
SUPERINTENDENT OF MONROE COUNTY JAIL,

        Defendant.
_____

## INTRODUCTION

By Order dated August 26, 2011, plaintiff was directed to file an amended complaint or the complaint would be dismissed (Docket No. 3). Plaintiff has now filed an amended complaint (Docket No. 4) which the Court has screened with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

As discussed below, plaintiff's access to the courts claim is dismissed. Further, unless plaintiff files a second amended complaint naming proper defendant(s) as directed below, the remaining claims regarding mental health conditions and inadequate meals will be dismissed.

## DISCUSSION

### MENTAL HEALTH CONDITIONS AND INADEQUATE MEALS

Plaintiff raises claims regarding conditions and lack of mental health treatment while he was in the "mental health area, known as Rec. Annex." Plaintiff alleges that he was denied mental health medication, was stripped of his clothing and given a broken

safety garment that did not fasten, was denied bedding, and had to lay on a concrete bunk in a cold cell. Plaintiff also raises claims regarding nutritionally inadequate meals, causing physical harm, from June 4, 2011 through June 30, 2011, due to an inoperable kitchen.

Plaintiff has now plead sufficient allegations for these claims, but still fails to name appropriate defendants who may be liable. Plaintiff was advised that he is required to allege personal involvement of each defendant in order to state a claim for an award of damages under § 1983. Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977). In his amended complaint, plaintiff names only the Superintendent of the Monroe County Jail as a defendant but does not allege that the Superintendent was personally involved in the actions that took place. Plaintiff will be given an additional opportunity to amend his complaint to name proper defendants.

Plaintiff is again advised that the prerequisite for liability under a § 1983 claim is "personal involvement" by the defendants in the alleged constitutional deprivation. Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices

2

> occurred or allowed such policy or custom to continue, or (c)was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

Candelaria v. Coughlin, 787 F.Supp. 368, 372 (S.D.N.Y. 1992) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)). The Superintendent is not liable simply because he holds a supervisory position at the jail. See Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim").

Plaintiff is directed to file a second amended complaint that either provides sufficient allegations of the Superintendent's personal involvement in the actions that took place, and/or names other individuals that have personal involvement and states the nature of their involvement. If the plaintiff does not know the name of individuals who were personally involved, he may list them as John and/or Jane Doe defendants in his second amended complaint, and provide information that would help to identify who they are, such as a physical description, or a description of their job duties, and how and when they were involved in the events.

If plaintiff fails in his second amended complaint to provide allegations that one or more defendants were personally involved in these actions, the claims will be dismissed.

3

ACCESS TO THE COURTS

Plaintiff was given an opportunity to file an amended complaint stating how he was harmed by the defendant's actions in relation to delayed access to a notary public and in obtaining copies of documents from the law library. Plaintiff was advised that he must allege an actual injury traceable to the challenged conduct of the defendant and that actual injury means that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. Lewis v. Casey, 518 U.S. 343, 351-52 (1996).

Plaintiff's amended complaint fails to state adequate allegations for this claim to proceed forward. He has not pled that he has suffered actual injury, and that a nonfrivolous legal claim has been impeded. Plaintiff again pleads his anticipation that he will not be able to meet court filing deadlines. These allegations do not establish actual injury. This claim is dismissed at this time without prejudice.

CONCLUSION

For the reasons set forth above, plaintiff's claim regarding access to the courts is dismissed without prejudice. Plaintiff's remaining claims, regarding mental health conditions and inadequate meals will be dismissed unless he files a second amended complaint by **December 29, 2011** in which he alleges the personal involvement of named defendants regarding his claims as directed above and in

a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff is advised that a second amended complaint is intended to **completely replace** the prior complaints in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's second amended complaint must include all of the allegations against each defendant(s) against whom he wishes to make claims, so that the second amended complaint may stand alone as the sole complaint in this action which the defendant(s) must answer.

Plaintiff is forewarned that if he fails to file a second amended complaint as directed, the amended complaint will be dismissed.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's access to the courts claim is dismissed without prejudice;

FURTHER, that plaintiff is granted leave to file a second amended complaint as directed above by **December 29, 2011**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this Order a copy of the amended complaint, a blank

§ 1983 complaint form, and the instructions for preparing a second amended complaint; and

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **December 29, 2011**, the amended complaint will be dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 18, 2011